## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

JOE HAND PROMOTIONS, INC.,

Plaintiff,

vs.

OLD BAILEY CORPORATION d/b/a
Phebe Night Club, and LUZ
SANTANA,

Defendants.

Civ. No. 2:16-cv-9207-KM-JBC

OPINION

## KEVIN MCNULTY, U.S.D.J.:

This is an action to enforce satellite and cable piracy laws against defendants Old Bailey Corporation and Luz Santana. It comes before the court on the unopposed motion of plaintiff, Joe Hand Promotions, Inc., for default judgment. Defendants have not responded to the complaint, and the clerk has entered default. For the reasons stated herein, the motion for default judgment will be granted.

## I.    DISCUSSION

"[T]he entry of a default judgment is left primarily to the discretion of the district court." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984) (citing *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951)). Because the entry of a default judgment prevents the resolution of claims on the merits, "this court does not favor entry of defaults and default judgments." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194 (3d Cir. 1984). Thus, before entering default judgment, the court must determine whether the "unchallenged facts constitute a legitimate cause of action, since a party in

1

default does not admit mere conclusions of law." *DirecTV, Inc. v. Asher*, No. 3-cv-1969, 2006 WL 680533, at *1 (D.N.J. Mar. 14, 2006) (citing Wright & Miller, 10A *Federal Practice & Procedure* § 2688 (3d ed. 1998)).

"[D]efendants are deemed to have admitted the factual allegations of the Complaint by virtue of their default, except those factual allegations related to the amount of damages." *Doe v. Simone*, No. 12-cv-5825, 2013 WL 3772532, at *2 (D.N.J. July 17, 2013). While "courts must accept the plaintiff's well-pleaded factual allegations as true," they "need not accept the plaintiff's factual allegations regarding damages as true." *Id.* (citing *Chanel, Inc. v. Gordashevsky*, 558 F. Supp. 2d 532, 536 (D.N.J. 2008)). Moreover, if a court finds evidentiary support to be lacking, it may order or permit a plaintiff seeking default judgment to provide additional evidence in support of the allegations in the complaint. *Doe*, 2013 WL 3772532, at *2-3.

## A. Prerequisites for Entry of Default Judgment

Before a court may enter default judgment against a defendant, the plaintiff must have properly served the summons and complaint, and the defendant must have failed to file an answer or otherwise respond to the complaint within 21-day time period provided by the Federal Rules. *See Gold Kist, Inc. v. Laurinburg Oil Co., Inc.*, 756 F.2d 14, 18-19 (3d Cir. 1985).

On January 28, 2017, plaintiff left a copy of the summons and complaint with Ana Crivas, a bartender for Phebe Nightclub. (ECF No. 4). On April 26, 2017, plaintiff personally served Luz Santana. (ECF No. 11). That is adequate service.

Plaintiff sought default against Old Bailey Corporation and the clerk entered default on March 24, 2017. (ECF No. 6). Plaintiff sought default against Luz Santana and the clerk entered default on July 26, 2017. (ECF No. 14). On September 22, 2017, plaintiff moved for default judgment as to both defendants. (ECF No. 16). There has been no response to this motion.

Accordingly, I am satisfied that the prerequisites to filing a default judgment are met. *See Gold Kist*, 756 F.2d at 18-19.

2

## B. Three-Factor Analysis

After the prerequisites have been satisfied, a court must evaluate the following three factors: "(1) whether the party subject to default has a meritorious defense, (2) the prejudice suffered by the party seeking default, and (3) the culpability of the party subject to default." *Doug Brady, Inc. v. N.J. Bldg. Laborers Statewide Funds*, 250 F.R.D. 171, 177 (D.N.J. 2008) (citing *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 74 (3d Cir. 1987)). Those factors, considered in light of the record of this case, weigh in favor of entry of a default judgment.

The evaluation of the first factor is always complicated by the defendants' failure to answer or to oppose the motion. My independent review of the case, however, does not suggest that the claims are legally flawed or that defendant could mount a meritorious defense. *See Doe*, 2013 WL 3772532, at *5. Accepting the allegations in the complaint as true, *Comdyne I, Inc. v. Corbin*, 908 F.2d 1142, 1149 (3d Cir. 1990), I find that the plaintiff has successfully stated a claim for relief against the defendants.

The complaint alleges that plaintiff Joe Hand Promotions, Inc. had the exclusive right to license and distribute the broadcast of the *Miguel Cotto v. Canelo Alvarez* telecast nationwide on November 21, 2015 ("the Program"). The Program broadcast originated via satellite uplink and was subsequently re-transmitted interstate to cable systems and satellite companies via satellite signal. Defendants did not contract with Joe Hand Promotions, Inc. to purchase authorization to exhibit the Program in their establishment. (The minimum charge to broadcast the Program was $2,200. (ECF No. 16-5)). Nonetheless, defendants intercepted or received the Program and exhibited the Program to patrons in their establishment via four television screens over the bar. An affidavit is attached, stating that an investigator went to the Phebe Night Club on November 22, 2015 and found the establishing playing the *Miguel Cotto v. Canelo Alvarez* telecast. (ECF No. 16-3). Phebe Night Club was allegedly charging a $10.00 cover charge to enter. The club has a capacity of

about 100, and the investigator counted approximately 24 people present. (ECF No. 16-3).

Plaintiff seeks relief under 47 U.S.C. § 605, which prohibits the unauthorized publication or use of communications. (Plaintiff alternatively claims a violation of 47 U.S.C. § 553, which prohibits the unauthorized receipt of cable service. When a defendant is liable under sections 553 and 605, an aggrieved plaintiff may recover damages under only one section. *See Int'l Cablevision, Inc. v. Sykes*, 997 F.2d 998, 1008 (2d Cir. 1993); *see also Time Warner Cable of New York City v. Barnes*, 13 F. Supp. 2d 543, 547 (S.D.N.Y. 1998). Plaintiff elects to recover under section 605.) In this case, no obvious defects or defenses suggest themselves.

The second and third factors also weigh in favor of default. Defendant was properly served, but failed to appear or defend in any manner. It is clear that plaintiff has been prejudiced by this dereliction because it has been "prevented from prosecuting [its] case, engaging in discovery, and seeking relief in the normal fashion." *Teamsters Pension Fund of Phila. & Vicinity v. Am. Helper, Inc.*, No. 11-cv-624, 2011 WL 4729023, at *4 (D.N.J. Oct. 5, 2011); *see id.* (finding that a defendant's failure to answer prejudices the plaintiff); *see also Gowan v. Cont'l Airlines, Inc.*, No. 10-cv-1858, 2012 WL 2838924, at *2 (D.N.J. Jul. 9, 2012) ("[Plaintiff] will suffer prejudice if the Court does not enter default judgment as Plaintiff has no other means of seeking damages for the harm caused by Defendant."). Absent any evidence to the contrary, "the Defendant's failure to answer evinces the defendant's culpability in its default." *Teamsters Pension Fund of Phila. & Vicinity*, 2011 WL 4729023 at *4. In this case, "[t]here is nothing before the Court to show that the Defendant[s'] failure to file an answer was not willfully negligent." *Id.* (citing *Prudential Ins. Co. of Am. v. Taylor*, No. 8-cv-2108, 2009 WL 536043, at *1 (D.N.J. Feb. 27, 2009) (finding that when there is no evidence that the defendant's failure to answer the complaint was due to something other than its own willful negligence, the defendant's conduct is culpable and default judgment is warranted)).

4

Overall, then, the three factors support the entry of default judgment. I will grant the motion for default judgment.

### C. Remedies

Plaintiff Joe Hand Promotions, Inc. requests damages of $27,130. Under 47 U.S.C. § 605(e)(3)(C)(i)(II), plaintiff is entitled to recover damages for "each violation of subsection (a) of this section ... in a sum of not less than $1,000 or more than $10,000, as the court considers just ...." Additionally, if the court finds that the statute was violated "willfully and for purposes of commercial advantage or private financial gain," it may, in its discretion, award an additional sum of up to $100,000 for each violation. 47 U.S.C. § 605(e)(3)(C)(ii). As explained by *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*:

> There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems.... [I]n order for [defendant] to receive the closed circuit broadcast, it had to have engaged in some deliberate act, such as using an unauthorized decoder or altering the cable service in some way, so as to receive and view the scrambled transmission. An additional award for willfulness will put violators on notice that it costs less to obey the ... laws than to violate them.

77 F. Supp. 2d 485, 490-91 (S.D.N.Y. 1999) (internal quotation marks and citations omitted). Furthermore, 47 U.S.C. § 605(e)(3)(B)(iii) provides that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails."

An individual defendant can be held vicariously liable in such a case if the defendant had the "right and ability to supervise the violations, and she had a strong financial interest in such activities." *See J&J Sports Prods., Inc. v. Ribeiro*, 562 F. Supp. 2d 498, 501 (S.D.N.Y. 2008).

In its motion for default judgment, plaintiff Joe Hand Promotions, Inc. seeks a total of $27,130 in damages. As to the statutory damages of $5,000 (47

U.S.C. § 605(e)(3)(C)(i)(II)), attorney's fees of $1,500 (47 U.S.C. § 605(e)(3)(B)(iii)), and costs of $630 (47 U.S.C. § 605(e)(3)(B)(iii)), I have no issue.

The bulk of the amount sought, however, consists of $20,000 in discretionary damages under 47 U.S.C. § 605(e)(3)(C)(ii). That amount will be reduced to $5,000, an amount equal to the requested statutory damages. While the violation was surely willful, it was also limited in scope. The fee avoided was apparently about $2200. Present on the night of the exhibition were 24 patrons, each of whom was charged $10.00. (Presumably the exhibition promoted the sale of drinks or food as well.) Discretionary damages of $5,000, when added to the statutory damages, represent a multiple of the likely gain from the offense. The award constitutes a sufficient punishment and deterrent for this small business, and more than sufficient compensation for any likely loss to the plaintiff.

The case cited by the plaintiff in support of a discretionary damages award, *Time Warner Cable of New York City v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 486 (S.D.N.Y. 1999), provides an instructive reality check. There, three bar/restaurants exhibited a pay per view event without paying the required fee. The district court, per Keenan, J., upheld the Magistrate Judge's recommendation of awards (with fees) totaling $4,635, $15,635, and $9,635.

I will therefore enter judgment as requested by the plaintiff in the amount of $12,130.

## II.   CONCLUSION

The motion for default judgment (ECF No. 16) is granted. Defendants are liable for damages in the amount of $12,130. A separate order and judgment accompanies this Opinion.

**KEVIN MCNULTY**
**United States District Judge**

6